IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROSE BARELA,**

        **Plaintiff,**

**v.**                                                                                                                 CIV No. 09-0259 LAM

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

        **THIS MATTER** is before the Court on Plaintiff's *Motion to Remand or Reverse* (*Doc. 11*) (hereinafter "*Motion*"), filed in this case on September 10, 2009. In accordance with 28 U.S.C. § 636(c)(1) and FED. R. CIV. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge conducting all proceedings and entering final judgment in this case. *Documents 4, 6.* The Court has reviewed Plaintiff's *Motion* (*Doc. 11*), *Defendant's Response to Plaintiff's Motion to Remand and Reverse for a Rehearing* (*Doc. 12*) (hereinafter "*Response*"), *Plaintiff's Reply Brief* (*Doc. 13*) (hereinafter "*Reply*"), and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*"). Because a key finding in Defendant Commissioner's final decision is not supported by substantial evidence, the Court **FINDS** that Plaintiff's *Motion* should be **GRANTED in part** and **DENIED in part**, and the Commissioner's decision be **REMANDED** to for further proceedings consistent with this Memorandum Opinion and Order. *See* 42 U.S.C. § 405(g)(sentence four) ("The [district] court shall have power to enter . . . a judgment . . . remanding the cause for a rehearing.").

## I.  Procedural History

On March 11, 2005, Plaintiff Rose Barela filed an application for disability insurance benefits (hereinafter "DIB"). (*R. at 58–60.*)  In order to secure benefits, Ms. Barela had to show that she was disabled on or before the date that she was last insured for such benefits, which in her case was December 31, 2003.  (*R. at 22*;) **Motion** (*Doc. 11*) at 1.  She alleged disability since June 8, 2002. (*R. at 58.*)  She claimed that a back injury caused her disabling problems with her back, leg, foot, and toes. (*R. at 64.*)  Her application was denied initially and upon reconsideration. (*R. at 52–54, 47–49.*)

Plaintiff requested a hearing (*R. at 45*), and Administrative Law Judge (hereinafter "ALJ") Barbara Perkins conducted a hearing on August 13, 2007 (*R. at 314*).  Plaintiff was present and testified at the hearing. (*R. at 314, 317–40, 346–47.*)  Plaintiff was represented by counsel at the hearing. (*R. at 314–48.*)  Vocational expert (hereinafter "VE") Daniel Moriarty was also present and testified at the hearing.  (*R. at 314, 341–45.*)

On November 30, 2007, the ALJ issued her decision, finding that under the relevant sections of the Social Security Act, Ms. Barela was not disabled on or before December 31, 2003.  (*R. at 22.*) Ms. Barela requested that the Appeals Council review the ALJ's decision.  (*R. at 11.*)  On February 6, 2009, the Appeals Council denied Ms. Barela's request for review, which made the ALJ's decision the final decision of the Commissioner. (*R. at 5–7.*) On March 18, 2009, Ms. Barela filed her complaint in this case, which is ripe before this Court. ***Social Security Complaint*** (*Doc. 1*).

## II.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human*

2

*Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation omitted); *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760.  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation omitted); *Hamlin*, 365 F.3d at 1214.  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

For purposes of DIB, a person is considered to be disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C.

§ 1382c(a)(3)(A); *see* 20 C.F.R. § 416.905(a). In light of this definition, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the sequential evaluation process, the claimant has the burden to show that: (1) she is not engaged in "substantial gainful activity;" and (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" which has lasted or is expected to last for at least one year; and (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.  Plaintiff's Age, Education, Work Experience, and Medical History; ALJ's Decision

Ms. Barela was born on November 29, 1948 (*R. at 58*) and was, therefore, 53 years old when her alleged disability began on June 8, 2002 and 55 years old on her date last insured (*R. at 58*; *see Motion* (*Doc. 11*) at 1). She holds a bachelor's degree in Criminal Justice and has 28 years of administrative experience, including ten years as a supervisor. (*R. at 318–19.*)

On November 30, 2007, the ALJ issued her decision, finding that Plaintiff was not disabled at step four[2] of the five-step sequential evaluation process[3] because Ms. Barela had the RFC to return

---

[1] 20 C.F.R. § 404, subpt. P, app. 1.

[2] *See* 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv).

[3] *See* 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1).

to her past relevant work. (*R. at 22.*) At step one, the ALJ found that Ms. Barela had not been engaged in substantial gainful activity since June 8, 2002, the onset date of her alleged disability. (*R. at 17.*) The ALJ, therefore, proceeded to the next step.

At step two, the ALJ found that Ms. Barela had several severe, medically determinable impairments: (1) status post-motor-vehicle-accident injury to the right foot; (2) traumatic arthritis at the first metatarsophalangeal joint region of the right foot; and (3) degenerative disease of the lumbar spine. *Id.* Because the ALJ found that Ms. Barela had at least one severe, medically determinable impairment, she proceeded to the next step.

At the third step, the ALJ found that none of the step-two impairments, alone or in combination, met or medically equaled any of the Listings found in 20 C.F.R. § 404, subpt. P, app. 1. *Id.* If any Listing had been met, the ALJ would have found Ms. Barela disabled at this step. (*R. at 16.*) Since the ALJ did not find that any Listing was met or that Ms. Barela was disabled at this step, she proceeded to the next step.

Before step four, the ALJ determined Ms. Barela's RFC as follows:

> [S]he could carry up to 10 pounds . . . frequently, sit for 6 hours out of an 8 hour day, stand and/or walk for no more than 2 hours in an 8 hour day; push and pull with the lower and upper extremities in a manner consistent with her strength limitations; never climb ropes, ladders and scaffolds; frequently climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; she had no manipulative limitations; she had no environmental limitations; and no mental limitations.

(*R. at 18.*) At step four, the ALJ found that during the relevant time period, Ms. Barela had the RFC to return to her past work as an administrator. (*R. at 22.*) Because the ALJ found that Ms. Barela could return to her past work during the relevant time period and was, therefore, not disabled on or before her date last insured, the sequential evaluation process was satisfied and complete. *See id.*

# IV.  Analysis

Ms. Barela contends that the ALJ erred by (1) omitting any reference to her testimony regarding her pain (*Motion* (*Doc. 11*) at 3–5) and (2) giving no weight to the treating chiropractor's opinion.  The Court will remand the case to the Commissioner based on the ALJ's failure to sufficiently explain her findings regarding Ms. Barela's allegations of pain.  Because the first issue warrants remand, the Court need not address the second issue.

### A.  The ALJ's Findings Regarding Ms. Barela's Pain are Not Supported by Substantial Evidence

Ms. Barela asserts that the ALJ omitted any reference to her testimony regarding her symptoms and limitations, which she claims was error.  *Motion* (*Doc. 11*) at 3–5.  Ms. Barela then gives examples of the testimony that she believes the ALJ did not, but should have, considered.  *Motion* (*Doc. 11*) at 4–5.  The Commissioner responds that the ALJ did not omit reference to Ms. Barela's pain testimony altogether and, in fact, did cite certain portions.  *Response* (*Doc. 12*) at 9.  The Commissioner also explains how the testimony (that Ms. Barela complains is missing from the decision) is actually either "verifiably wrong" or related to an irrelevant time period.[4]  *Id.*  Ms. Barela replies that the ALJ should have considered her claim that her pain was "severe, 24/7" and alleviated only by elevation of her legs.  *Reply* (*Doc. 13*) at 8–9.

---

[4] To support his position, the Commissioner cites to portions of the ALJ's decision that could support the findings at issue.  *Response* (*Doc. 12*) at 9–11. The ALJ, however, did not link this evidence to her findings herself. *See id.*  Reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962)).  It would be improper for a reviewing court to "supply[] possible reasons" for an ALJ's decision after the fact.  *Id.*  A court may not make a "post hoc effort to salvage [an] ALJ's decision" because such an effort would thrust the court beyond its proper role of judicial review and into the exclusive domain of the administrative agency as defined by Congress.  *Id.* at 1084–85 (quoting *Allen v. Barnhart*, 357 F. 3d 1140, 1142 (10th Cir. 2004)).  This Court, therefore, may only consider the reasons provided by the ALJ herself and must disregard any post hoc support offered by the Commissioner.

Liberally reading Ms. Barela's submissions, the Court believes that she is asserting that the ALJ erred in evaluating her claims of disabling pain. *Motion* (*Doc. 11*) at 3–5 (*citing Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). "If a pain-producing impairment is demonstrated by objective medical evidence, the [ALJ] must consider the relationship between the impairment and the pain alleged" without regard to the claimant's credibility. *Id.*, *see also White v. Barnhart*, 287 F.3d 903, 909 n.3 (10th cir. 2001). Accepting as true the subjective allegations of pain, the ALJ must determine whether the claimant has a medically determinable impairment that "could reasonably be expected to produce the *alleged* pain." *Id.* (internal quotation marks omitted; emphasis in original). If the claimant suffers from medically determinable impairments that could *not* reasonably be expected to produce pain of the type or intensity claimed, then the inquiry is satisfied, and the ALJ need not go any further. *See id.* If, on the other hand, the claimant *does* have a medically determinable impairment that could reasonably be expected to produce the alleged pain, the ALJ must take another analytical step. *See id.*

Next, the ALJ must consider all of the relevant evidence "to determine whether the claimant's pain is in fact disabling." *Id.* The ALJ must consider "the medical data previously presented, any other objective indications of the degree of pain, and subjective accounts of the severity" of pain in determining whether the ALJ believes the claimant. *Id.* That is, the ALJ must assess the credibility of the claimant's assertions of pain. *Id.* "Credibility determinations are peculiarly the province of the [ALJ, and courts] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Svcs.*, 898 F.2d 774, 777 (10th Cir. 1990). Credibility findings, therefore, "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted). "[I]t is well settled that [ALJs] must give reasons

7

for their decisions." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988). In deciding whether the ALJ believes the claimant about her pain, the ALJ should consider factors such as:

> [1] the levels of medication and their effectiveness, [2] the extensiveness of the attempts (medical or nonmedical) to obtain relief, [3] the frequency of medical contacts, [4] the nature of daily activities, [5] subjective measures of credibility that are peculiarly within the judgment of the ALJ, [6] the motivation of and relationship between the claimant and the other witnesses, and [7] the consistency or compatibility of nomedical testimony with objective medical evidence.

*Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

Here, the ALJ erred in her analysis of Ms. Barela's pain allegations because she did not provide reasons for her findings which, therefore, are not supported by substantial evidence. The ALJ found that Ms. Barela's "medically determinable impairments could reasonably be expected to produce *some* of the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (*R. at 18*) (emphasis added). This finding is insufficient because the ALJ gave no reasons for her findings.

First, it appears that the ALJ found that Ms. Barela's medically determinable impairments could *not* reasonably be expected to produce the alleged pain. That is, they could only reasonably be expected to produce *some* of the alleged pain. She did not, however, provide any reasons for this finding. Although the ALJ summarized the medical evidence (*R. at 18–21*), she failed to link that evidence to her conclusions. Second, the ALJ went on to find that Ms. Barela's claims of pain were "not entirely credible." *Id.* Again, the ALJ did not give any reasons for her finding, and she did not identify any portion of the record that supported her conclusion. Because the ALJ did not give reasons for her findings related to Ms. Barela's claims of disabling pain, the findings are not supported by substantial evidence.

### *B. The ALJ Did Not Err in Rejecting the Opinion of the Treating Chiropractor*

For numerous reasons, Ms. Barela urges the Court that the ALJ improperly rejected the opinion of her treating chiropractor, Dr. Hummel. For example, she cites to Social Security Ruling (hereinafter "SSR") 06-03p, which she asserts "should have made the reception of Dr. Hummel's evidence easier, not more difficult." *Motion* (*Doc. 11*) at 6. She argues that his opinion is "highly important since he is the provider with the best pre-[date-last-insured] evidence of her ability [to work]." *Id.* Further, she refers to the hearing transcript as evidence that the ALJ said that the ALJ would consider Dr. Hummel's opinion if it were consistent with the other records. *Id.* When the ALJ found that Ms. Barela had a degenerative disc disease, Ms. Barela understood such a finding to be consistent with Dr. Hummel's records and opinion, and therefore, Ms. Barela expected the ALJ to accept Dr. Hummel's opinion. *Id.* In fact she expected that "the gates [were] opened" to Dr. Hummel's opinion regarding the extent of Ms. Barela's impairments. *Id.* at 7. So, when the ALJ rejected Dr. Hummel's opinion, Ms. Barela gathered that "some time after the hearing[, the ALJ] developed the opinion that Dr[.] Hummel was neither credible nor ethical." *Id.* at 6.[5]

The Commissioner agrees with Ms. Barela that Dr. Hummel's opinion should have been considered by the ALJ. *See* ***Response*** (*Doc. 12*) at 13. The Commissioner asserts, however, that the ALJ did, in fact, consider Dr. Hummel's opinion and then properly rejected it. *Id.* The Commissioner cites the ALJ's reasons for rejecting Dr. Hummel's opinion and illustrates how each reason is supported by substantial evidence. *See id.* at 11–15. The Court agrees.

---

[5] Finally, Ms. Barela cites to SSR 83-20 for the proposition that a medical advisor should be called upon when onset must be inferred and that alternative sources, such as chiropractors, should be utilized when making such inferences. *Motion* (*Doc. 11*) at 6. Because SSR 83-20 addresses the determination of the disability-onset date and because the onset date is not at issue in this appeal, the Court need not further address the argument.

Although chiropractors' opinions often merit less weight than those of "acceptable medical sources," such opinions should not be rejected altogether based solely on the fact that they come from chiropractors. SSR 06-03p at *3. ALJs should determine what weight, if any, to assign to a chiropractor's opinion using the following factors:

> [1] How long the source has known and how frequently the source has seen the individual;
> [2] How consistent the opinion is with other evidence;
> [3] The degree to which the source presents relevant evidence to support an opinion;
> [4] How well the source explains the opinion;
> [5] Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
> [6] Any other factors that tend to support or refute the opinion.

SSR 06-03p at *4–5 (*citing* 20 C.F.R. §§ 404.1527(d), 416.927(d)). "Not every factor[, however,] will apply in every case." SSR 06-03p at *5.

Here, the ALJ evaluated Dr. Hummel's records and determined that his June 17, 2007 retrospective opinion merited no weight for three reasons, which encompass five of the six of the factors above. (*R. at 20.*) First, the ALJ found that Dr. Hummel, as a chiropractor, was not an "accepted medical source" (factor 5). *Id.* Second, the ALJ seemed to find that Dr. Hummel's reports regarding Ms. Barela's limitations were inconsistent with his own records and treatment notes (factors 2, 3, and 4). *See id.* Finally, the ALJ found that Dr. Hummel may have had a financial interest in the outcome of Ms. Barela's personal injury litigation, which detracted from the legitimacy of his opinion (factor 6). *Id.*

The parties agree that Dr. Hummel is a chiropractor and, therefore, is not an "accepted medical source." *See* ***Motion*** (*Doc. 11*) at 6–7; ***Response*** (*Doc. 12*) at 12–13. No party disputes that the ALJ was within her discretion to discount Dr. Hummel's opinion, at least in part, for this reason.

It appears that the ALJ found that Dr. Hummel's opinions regarding Ms. Barela's limitations were not consistent with his treatment notes. (*See R. at 20.*) The ALJ notes, for example, that Dr. Hummel opined that if Ms. Barela had been working regularly in mid-2002 and at the end of 2003, when he treated her, her condition would have deteriorated as a consequence, and he opined that her condition would have caused her to miss an average of four or more days of work per month during that time. *Id.* The ALJ found that these opinions were inconsistent with Dr. Hummel's treatment records because the records did not indicate any limitations in Ms. Barela's abiliy to sit, lift and carry weights, or stand and walk. *Id.* The ALJ further noted that Dr. Hummel's treatment records did not indicate that Ms. Barela reported deficits in any of these areas. *Id.* Ms. Barela counters that on July 1, 2003, Dr. Hummel recorded a "decrease in cervical range of motion and right[-]sided lumbar pain when bending, and spinal manipulation" (***Motion*** (*Doc. 11*) at 7 (*citing to R. at 133*)), and his notes reflect back, neck, ankle, and leg pain (*Id.* (*citing to R. at 147*)). The records to which Ms. Barela cites do not contradict or even undercut the ALJ's findings. Complaints of pain and decreased range of motion in the neck are not the same as limitations in the ability to sit, lift and carry weights, or stand and walk.

Lastly, Ms. Barela repeatedly insists that the ALJ erred in finding any improper interest on Dr. Hummel's part. The finding "borders on the shocking," she says, and "[t]here is no evidence whatsoever of any <u>motivation</u> [for] collusion." ***Motion*** (*Doc. 11*) at 8 (emphasis in original). Alternatively, she argues that even if Dr. Hummel did have an improper interest in Ms. Barela's personal injury litigation in 2002 or 2003, there is no evidence that he had such an interest in 2007, when he gave his retrospective opinion, or that he had such an interest in her DIB claim. *Id.* at 9. The ALJ noted that the treatment record from Ms. Barela's first visit with Dr. Hummel referred to ongoing litigation, which led her "to suspect that he had a financial interest in its outcome (e.g.,

11

being paid for office visits that may or may not have been necessary)." (*R. at 20.*)  Without more, however, the ALJ's conclusion is not supported by substantial evidence because referring to ongoing litigation does not itself evidence an improper interest.  If, on the other hand, Dr. Hummel had increased the frequency of his visits after learning of the litigation and the ALJ had cited to this increase, the situation might be different.  Neither is the case, however, and the ALJ's conclusion that Dr. Hummel's opinion should be discounted because he had a financial interest in the outcome of her personal injury litigation is not supported by substantial evidence.

Despite the fact that one of the three reasons cited by the ALJ for rejecting Dr. Hummel's opinion is not supported by substantial evidence, the remaining two reasons are.  These two reasons address four of the six factors listed above and constitute substantial evidence to support her *in toto* rejection of his June 17, 2007 opinion.

## V.  Conclusion

For the reasons stated above, the Court **FINDS** that the ALJ's findings regarding Ms. Barela's testimony regarding her pain are not supported by substantial evidence.  Accordingly, the Court will grant in part Ms. Barela's ***Motion to Remand or Reverse*** (*Doc. 11*) and remand this case to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**IT IS THEREFORE ORDERED** that Ms. Barela's *Motion to Remand or Reverse* (*Doc. 11*) is **GRANTED in part** and **DENIED in part**, and the Commissioner's decision is **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**