IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSE BARELA,

        Plaintiff,

v.                                                                           CIV No. 09-0259 LAM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES**

**THIS MATTER** is before the Court on *Plaintiff's Opposed Motion for Award of Attorney's Fees and Costs* (*Doc. 16*) and *Certificate of Time for EAJA Application* (*Doc. 16-2*) (hereinafter collectively, "*Motion*"). The Court has considered the *Motion* as well as *Defendant's Response in Opposition to Plaintiff's Application for Award of Attorney Fees and Costs* (*Doc. 17*) (hereinafter, "*Response*"), the record in this case, and the relevant law. Ms. Barela did not file any reply, and the time for so doing has passed. The Court, being fully advised in the premises, will **GRANT IN PART** the *Motion*.

Ms. Barela moves this Court for an award of attorney's fees and costs as allowed under the Equal Access to Justice Act (hereinafter, "EAJA") at 28 U.S.C. § 2412. *Motion* (*Doc. 16*) at 1. The Commissioner opposes the motion because he asserts that (1) his position was substantially justified and, alternatively, that (2) the motion impermissibly seeks compensation for clerical work or overhead expense. *Response* (*Doc. 17*) at 3. Because the Commissioner's position was not

1

substantially justified and because some of the work billed by Ms. Barela's counsel is not compensable under EAJA, the Court will GRANT IN PART the *Motion*.

### *1. The Commissioner's Position was not Substantially Justified*

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust.  28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  Here, the parties do not dispute that Ms. Barela is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified.  *See* **Motion** (*Doc. 16*); **Response** (*Doc. 17*).

The Commissioner bears the burden of showing that his position was substantially justified. *Hackett*, 475 F.3d at 1172.  His "position" collectively refers to his positions at the administrative level and at the district court level.  28 U.S.C. § 2412(d)(2)(D).  "The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Hackett*, 475 F.3d at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).  The Commissioner must show that his position was "justified to a degree that could satisfy a reasonable person."  *Hackett*, 475 F.3d at 1172 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, his "position can be justified even though it is not correct."  *Hackett*, 475 F.3d at 1172 (quoting *Pierce* 487 U.S. at 566).  Where, however, the Commissioner asserts new legal theories based on "reasoning not explicitly relied on by the ALJ," his position is not substantially justified and EAJA fees are appropriate.  *Id.* at 1175 (internal quotation omitted).

For example, in *Hackett*, the Tenth Circuit reversed a denial of EAJA fees because the district court erred in finding that the Commissioner's position was substantially justified. 475 F.3d at 1169. In that case, the ALJ had mischaracterized the testimony of the vocational expert (hereinafter, "VE"), and at the district court, the Commissioner attempted to save the ALJ's decision by offering new legal theories based on "reasoning not explicitly relied on by the ALJ." *Id.* at 1175 (quotation and alteration omitted). The Tenth Circuit found that the Commissioner's reasons violated the "simple but fundamental rule of administrative law" that courts may not "intrude on the agency's authority by supporting a result reached by the agency with reasoning not *explicitly* relied on by the agency." *Id.* at 1174, 1175 (both citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (internal quotation, citation, and alteration omitted) (emphasis added)). The court went on to explain that, "it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where . . . no reasonable administrative factfinder . . . could have resolved the factual matter any other way." *Id.* at 1175 (citing *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)). Ultimately, the court held that where the Commissioner attempted to cure the ALJ's error based on reasons that the ALJ did not explicitly cite, the Commissioner's position was not substantially justified and the denial of EAJA fees was improper. *Id.*

Like *Hackett*, the Commissioner here attempted to salvage the ALJ's decision with reasons that the ALJ did not identify herself. *See* **Memorandum Opinion and Order** (*Doc. 14*) at 6, n. 4. Indeed, the Commissioner's attempt to cure the ALJ's error after the fact is the sole basis on which he roots his substantial-justification claim. **Response** (*Doc. 17*) at 3. Following *Hackett* and the rule of administrative law outlined above, the Court FINDS that the Commissioner's position was not substantially justified and fees, therefore, are warranted.

3

### *2. Some of The Work Billed by Ms. Barela's Counsel is Not Compensable Under EAJA*

The Commissioner argues that some of the work identified in Ms. Barela's counsel's *Certificate of Time for EAJA Application* (*Doc. 16-2*) was for clerical work and overhead expenses, and that clerical work is not compensable under EAJA. *Response* (*Doc. 17*) at 3–4. Ms. Barela's counsel did not reply.

EAJA provides the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)." 28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court has held that paralegal services are compensable under EAJA. *Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 128 S. Ct. 2007, 2010, 2012, n. 3 (2008). Purely clerical work and overhead expenses, however, are not covered paralegal services and are not compensable under EAJA. *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and, therefore, is not compensable under EAJA.); *see Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA fees petition to district court to determine *inter alia* which billings are "clerical rather than legal"); *Sorenson v. Concannon*, 161 F. Supp. 2d. 1164, 1168–69 (D. Or. 2001) (reducing EAJA fees request for work that was "purely clerical in nature").

The Court FINDS that some of the work for which Ms. Barela's counsel has billed, such as electronic filing, downloading, and printing, is purely clerical work and/or overhead expense. The Court, therefore, will reduce Ms. Barela's counsel's requested fee by 3.6 hours at $171 per hour, for a total reduction of $615.60, leaving an authorized amount of $7,187.00. The specific reductions are reflected in the excerpt of Ms. Barela's counsel's time sheet below, with the underlined descriptions representing the noncompensable clerical or overhead billings and with the appropriate reductions on the far right. *See also Certificate of Time for EAJA Application* (*Doc. 16-2*) at 1–2.

| | | | |
|---|---|---|---|
| 3/09 | Draft Complaint, Certificate, <u>file electronically</u>, <u>download and print</u> . . . . . . . . . . . . . . . . . | 1.0 | -0.25 |
| 3/25-26/09 | Draft, submit summons (<u>Problems with electronic filing</u>) . . . . . . . . . . . . . . . . . . . | 2.0 | -1.5 |
| 3/09 | Rev entry of appearance (SSA Counsel and AUSA) and Consent to Proceed, <u>download and print</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.25 | -0.20 |
| 5/16/09 | <u>File Consent to proceed, download and print</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.25 | -0.25 |
| 7/14/09 | Review Answer, <u>download and Print</u>, Rev Transcript . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1.5 | -0.25 |
| 9/25/09 | Rev and <u>calendar briefing schedule notice</u>, post, <u>download and print</u> . . . . . . . . . . . . . . . . | 0.25 | -0.20 |
| 9/10/09 | Last edit, <u>file electronically, download and print</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1.0 | -0.25 |
| 11/11/09 | Rev Deft's Response, <u>download and print</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1.0 | -0.20 |
| 11/24/09 | <u>File reply electronically, download and print reply</u> . . . . . . . . . . . . . . . . . . . . . . . . . | 0.5 | -0.50 |

**IT IS THEREFORE HEREBY ORDERED** that *Plaintiff's Opposed Motion for Award of Attorney's Fees and Costs* (*Doc. 16*) is **GRANTED IN PART**, and Plaintiff Rose Barela is authorized to receive **$7,187.00** in costs and fees for payment to her attorney for services before this Court, in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, she shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must "'refun[d] to the claimant the amount of the smaller fee.'"  (citation omitted)).

**IT IS SO ORDERED**.

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**